Justine L. Lambert v. Commissioner.
Lambert v. Commissioner
Docket No. 18494.
United States Tax Court
1949 Tax Ct. Memo LEXIS 140; 8 T.C.M. (CCH) 625; T.C.M. (RIA) 49160; June 27, 1949
*140 The deductibility of certain alleged expenditures, made in the taxable year 1944, determined. Justine L. Lambert, pro se. John J. Madden, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income taxes for the calendar year 1944 in the amount of $15,680.47. The sole issue is the deductibility of sums claimed as follows: Contributions
$ 688.00
Interest
11,258.71
Taxes
11,353.31
Miscellaneous
27,884.55
The claimed deductions were disallowed in their entirety *141 for lack of substantiation. The case was submitted on oral testimony and exhibits. Findings of Fact Petitioner's income tax return for the taxable period involved was filed on a cash basis with the collector of internal revenue for the second district of New York. Petitioner, under the heading "contributions," claimed deductions of the following amounts and for the purposes stated as follows: Purpose
Amount
Salvation Army
$ 85.00
Boy Scouts
10.00
Girl Scouts
10.00
Red Cross
188.00
China Relief
115.00
American S.P.C.A.
25.00
Christmas Gifts to Building Em-
ployees
255.00
Total
$688.00
Respondent concedes the deductibility of all the items above set forth except the amount of $255, claimed as Christmas gifts to the employees of the building. The persons to whom such payments were made were not employees of petitioner. Petitioner claimed deductions of interest paid as follows: Mortgage Interest, 442 Sterling Place,
Brooklyn, N. Y.
$ 2,128.95
Mortgage Interest, 286 St. John's
Place, Brooklyn, N. Y.
1,525.23
Mortgage Interest, 292 St. John's
Place, Brooklyn, N. Y.
1,375.00
Interest on Loans
6,229.53
Total
$11,258.71
*142 The respondent concedes the deductibility of the mortgage interest paid in the total amount of $5,029.18. The respondent also concedes interest paid to the Empire Trust Company on a loan of $9,000 in the amount of $196.20. The balance of claim for interest in the amount of $6,033.33 is contested. In the taxable year petitioner paid to the Bank of Manhattan Company of New York, on a loan of $240,000, interest in excess or $6,033.33. Petitioner claimed a deduction for taxes paid in the taxable year in the amount of $11,353.31. The respondent concedes the following amounts of taxes paid by petitioner: 442 Sterling Place, Brooklyn, N. Y.
$1,432.50
286 St. John's Place, Brooklyn, N. Y.
600.00
292 St. John's Place, Brooklyn, N. Y.
600.00
Water taxes on above three properties
527.00
Farmingdale, Long Island, property
1,428.86
Northport, Long Island, property
4,367.04
Total
$8,955.40
Disputed items included under the heading "taxes" are the amount of $1,370.04 claimed by petitioner as taxes paid in the taxable year on certain property in Farmingdale, Long Island, N. Y.; the amount of $134.39 said to represent interest paid on indebtedness; and the amount of *143 $16.16 paid for photostats. There is also included an item of $605 estimated as paid by petitioner as admissions taxes and sales taxes paid to the City of New York. Under the heading "miscellaneous deductions" petitioner on her return claimed deductions in the aggregate amount of $27,884.55. The respondent concedes that petitioner paid in the taxable year the following amounts for the purposes stated: Supplies, photostats, etc.
$1,240.19
Office rent and electricity
1,666.81
Telephone expenses
526.88
Insurance
559.36
Rent for safe deposit vault
42.50
Total
$4,035.74
Petitioner has withdrawn and abandoned her claim for deduction of the following sums: Legal fees
$4,452.17
Court records
2,188.14
Part payment for professional services
2,305.00
Total
$8,945.31
The contested items are: Traveling expenses in connection with
management of property
$1,395.00
Part payment professional services
2,038.00
Depreciation: Office furniture
150.50
442 Sterling Place, Brooklyn, N. Y.
3,870.00
286 St. John's Place, Brooklyn, N. Y.
3,025.00
292 St. John's Place, Brooklyn, N. Y.
3,025.00
Club House, Northport, Long, Island,
N. Y., 1/2 interest
1,400.00
*144 Petitioner for many years, including the taxable period involved, was engaged in the real estate business. She maintained her residence at the Waldorf Astoria Hotel in New York City. The Farmingdale property, located on Long Island, is approximately 32 miles from New York City and about one mile from the Farmingdale Station. The Northport property is located about 42 miles from New York City and approximately four miles from the Northport Station. Petitioner visited her Long Island properties about once a week during the period from spring to fall, and approximately once a month during the winter. Petitioner has no car but hires an automobile to make these trips. The $1,395 claimed by petitioner as travel expenses is an estimate of the amount expended by petitioner for such purpose. Petitioner received from the estate of her husband, who died June 21, 1937, improved real property located at 442 Sterling Place, Brooklyn, N. Y., which was valued for estate tax purposes at $55,000; also improved real properties located at 286 and 292 St. John's Place, Brooklyn, N. Y., which were valued for estate tax purposes at $45,000 each. These values included land and buildings. The respondent *145 concedes that petitioner's basis of the building at 442 Sterling Place is $44,000, and that the basis of the buildings at 286 and 292 St. John's Place is $36,000 each, and that the depreciation rate on the aforesaid three properties is two per cent. The respondent also concedes that the basis for depreciation for the Northport, Long Island property is $33,000, and that the rate of depreciation is two per cent. Opinion The issue presented involves the deductibility for the taxable year 1944 of items classified in the return as contributions, interest, taxes and miscellaneous deductions. Of the total amount of $688 claimed as "contributions," the respondent concedes all the amounts claimed by petitioner are properly deductible, except the amount of $255, representing gifts to building employees. Since this item represents gifts to individuals, it does not constitute a proper deduction for income tax purposes. We hold that petitioner is entitled to deduction of the amount of $433 under section 23 (o) of the Internal Revenue Code. With respect to petitioner's claim for interest paid, in the amount of $11,258.71, the only disputed item is the amount of $6,033.33. *146 The evidence satisfies us that petitioner, in the taxable year, paid to the Bank of Manhattan, interest in an amount in excess of $6,033 on her loan of $240,000. We hold that petitioner is entitled to deduct as interest paid in the taxable year the amount of $11,258.71, under section 23 (b) of the Internal Revenue Code. Petitioner claimed deductions of taxes paid in the taxable year in the total amount of $11,353.31. Of this amount the respondent concedes taxes in the total amount of $8,955.40 are properly deductible. Included in the amount claimed for taxes paid is an item of $605 for admission and sales taxes paid to the City of New York. The amount is only an estimate of petitioner. No allocation was made between admission and sales taxes. The petitioner lived at the Waldorf Astoria Hotel in New York and testified that she took her meals at the hotel, which cost her on the average of $10 per day. The New York City sales tax is two per cent. It is obvious, therefore, that petitioner paid a considerable amount of sales taxes to that city. Under the doctrine of Cohan v. Commissioner, 39 Fed. (2d) 540, we fixed the amount of such sales taxes at *147 $67 and hold that such amount is properly deductible for income tax purposes. The contested item of $1,370.04, representing taxes paid on the Farmingdale property; the amount of $134.39 said to represent interest; the amount of $16.16 for photostats; and the unexplained balance of $272.32 are disallowed for lack of sufficient proof to support them. We hold that petitioner is entitled to deduct as taxes paid in the taxable year the amount of $9,022.40, under section 23 (c) of the Internal Revenue Code. Of the contested items claimed under the heading "miscellaneous deductions," the amount of $1,395 is for traveling expenses in connection with the management of petitioner's real estate. The amount claimed is merely an estimate. Under the doctrine of the Cohan case, supra, we have found that a reasonable expenditure for such purpose is $300, which we hold is a proper deductible expense incurred in the taxable year in connection with the petitioner's business. The item of $2,038 for professional services rendered in connection with certain properties leased to the Government is disallowed in full for lack of sufficient proof. With respect to petitioner's claim *148 for depreciation on certain buildings owned by her during the taxable year, in the aggregate amount of $11,320, the proof offered by the petitioner was clearly inadequate. Petitioner presented no proof as to the cost of such buildings, the character of them, or their remaining life. On brief, the respondent concedes that for depreciation purposes the basis for the building at 442 Sterling Place, Brooklyn, N. Y., is $44,000, and the basis for each of the buildings at 286 and 292 St. John's Place, Brooklyn, N. Y., is $36,000. He further concedes that petitioner is entitled to a depreciation rate of two per cent. On the basis of the respondent's concession, we conclude and hold that with respect to those properties petitioner is entitled to a depreciation deduction in the taxable year of the following amounts: 442 Sterling Place, Brooklyn, N. Y.
$880.00
286 St. John's Place, Brooklyn, N. Y.
720.00
292 St. John's Place, Brooklyn, N. Y.
720.00
The respondent also concedes that with respect to the Northport, Long Island, N. Y. property, the basis for depreciation is $33,000, and the rate is two per cent. Petitioner owned a one-half interest in that property. We, therefore, *149 hold and conclude that petitioner is entitled to a depreciation deduction in the taxable year on the Northport property of the amount of $330. Petitioner claims a deduction for depreciation on office furniture and rug in the amount of $150.50. The evidence fails to establish any proper basis for any allowance for depreciation on such property. The amount of $150.50 claimed by petitioner as a depreciation deduction on office furniture and rug is denied for lack of sufficient proof. In summary, we conclude that petitioner in the taxable year 1944 incurred and paid the following aggregate amounts for the purposes stated, and that the said amounts constitute proper deductible items: Contributions
$ 433.00
Interest
11,258.71
Taxes
9,022.40
Miscellaneous
6,985.74
$27,699.85
Decision will be entered under Rule 50.